[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution matter presents disputes as to custody, distribution of assets, and financial orders.
The court finds the jurisdictional requirements have been satisfied and that the marriage has broken down irretrievably. A CT Page 1969 decree of dissolution may issue.
Out of deference to the privacy of the parties and in the interests of future harmony, the court will not discuss all the evidence nor its conclusions, except as is necessary to explain the basis for certain orders.
The prayers for relief have been considered in light of Sections 46b-81, 46b-82 and 46b-56 et als of our statutes.
It is ordered that
1. Custody of the two minor children is awarded to the plaintiff mother with the defendant enjoying reasonable visitation, that being the arrangement negotiated by the court's family relations office. The court has concluded that joint custody would be impossible with this defendant whose temperament was on display throughout the trial. The court also notes that the defendant has contributed $60. to the support of his children in the past year. The plaintiff has been the primary care giver here and should continue as custodian. However, the court is not satisfied that the present day care arrangement is in the best interests of the children and a change is recommended. The custody and visitation situation will be reviewed by the family relations office in 90 days and the court will review their report at that time.
2. Contrary to the representations in the financial affidavits, counsel for the parties indicated to the court that there is no equity in the jointly owned property at 350 Newhall St., New Haven. All of the defendant's right, title and interest in and to the real property located at and known as 350 Newhall St., New Haven is awarded to the plaintiff, along with the furniture and furnishings situated therein.
3. The defendant is ordered to pay to the plaintiff $81.00 per week for the support of each of the minor children. As the defendant is self employed, no wage execution will be ordered. The guidelines for support payments have been applied.
4. The defendant is ordered to pay $1. (one dollar) per year as alimony to the plaintiff.
5. The defendant shall vacate the family home at 350 Newhall St. no later than April 1, 1991 and at that time he shall turn over to the plaintiff all security deposits with respect to tenants of the premises. He shall be responsible for all bills outstanding on April 1, 1991 and the plaintiff shall hold him harmless from any liability with respect to the property after that date. CT Page 1970
6. Each party shall maintain no less than $50,000. worth of life insurance on his and her life, with the minor children as beneficiaries till the minor children reach the age of 18. When the older child becomes 18, the minimum coverage may be reduced to $25,000. for the younger child.
7. Each party shall maintain health insurance, including major medical insurance, for the benefit of the minor children and each party shall be responsible for one-half of the uninsured medical and dental expenses of the children. This order is subject to the terms of Section 46b-84 (c) of the Connecticut General Statutes.
8. Any dispute as to the distribution of personal property or visitation shall be referred to the family relations office and if that effort is unsuccessful, the matter will be returned to court for determination. Each party shall be be responsible for the liabilities on his or her financial affidavit.
ANTHONY V. DeMAYO, Judge